JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

17-cv-1696

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EBS Healthcare, Inc.

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel J. McGravey, Esquire, Clark Hill PLC, One Commerce Square, 2005 Market Street, Suite 1000, Philadelphia, PA 19103

## DEFENDANTS
Therapy Source, Inc.

17 1696

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☒ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Lanham Act, 15 U.S.C. Sections 1501, et seq

Brief description of cause:
Trademark Infringement and Unfair Competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

APR 13 2017

DATE   4 - 13 - 17

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

17  1696

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — **DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _200 Skiles Boulevard, West Chester, PA 19382_

Address of Defendant: _5215 Militia Hill Rd., Plymouth Meeting, PA 19462_

Place of Accident, Incident or Transaction: _Chester County, PA & Montgomery County, PA_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____          Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _Trademark Infringement, Lanham Act, 15 U.S.C. § 1501_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, _Daniel J. McGravey_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _4-13-17_     _Daniel J McGravey_          _83176_
                     Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

APR 13 2017

DATE: _4-13-17_     _Daniel J. McGravey_          _83176_
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EBS HEALTHCARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THERAPY SOURCE, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |

CORPORATE DISCLOSURE STATEMENT OF PLAINTIFF
EBS HEALTHCARE, INC

The nongovernmental corporate party, EBS Healthcare, Inc., in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

Dated: 4-13-17

Daniel J. McGravey, Esquire

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

EBS Healthcare, Inc.    :    CIVIL ACTION

v.    :    **17    1696**

Therapy Source , Inc.    :    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

4-13-17
**Date**

Daniel McGravey
**Attorney-at-law**

EBS Healthcare, Inc.
**Attorney for**

215 640 8544
**Telephone**

215 640 8501
**FAX Number**

dmcgravey@clarkhill.com
**E-Mail Address**

(Civ. 660) 10/02

APR 13 2017

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

EBS HEALTHCARE, INC.,      )
                )
        Plaintiff,      )
                )     **17    1696**
        v.             )     No.
                )
THERAPY SOURCE, INC.,     )     DEMAND FOR JURY TRIAL
                )
        Defendant.     )

FILED
APR 13 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

## COMPLAINT

The plaintiff, EBS HEALTHCARE, INC. ["EBS"], for its Complaint against the defendant, THERAPY SOURCE, INC. ["THERAPY SOURCE"], states:

### INTRODUCTION

1.     This lawsuit is a complaint against THERAPY SOURCE for attempting to trade on the image and reputation of EBS. EBS owns United States Trademark Registration No. 3,426,937 for the mark EBS HEALTHCARE and owns valuable common-law rights in that mark. THERAPY SOURCE has used EBS' name and registered mark to register the domain names www.ebshealthcare.org and www.ebshealthcare.net and uses these domains to redirect Internet visitors to its own website, www.txsource.com. EBS seeks an injunction against THERAPY SOURCE's infringement, damages for lost profits and lost reputation or goodwill, punitive damages on the grounds that THERAPY SOURCE's conduct is willful and malicious, transfer of the domain names, and reasonable attorneys' fees.

### THE PARTIES

1.     EBS is a corporation organized under the laws of the State of Pennsylvania, having a place of business at 200 Skiles Boulevard, West Chester, Pennsylvania.

2.     THERAPY SOURCE is a corporation organized under the laws of the State of

Pennsylvania, having a principal place of business at 5215 Militia Hill Rd., Plymouth Meeting, Montgomery County, Pennsylvania.

## JURISDICTION AND VENUE

3.     EBS asserts causes of action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1501 *et seq.*, for unfair competition under the law of the State of Pennsylvania, and for common-law service mark infringement. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and (b), because this action arises under an Act of Congress and because this action asserts claims of unfair competition that are joined with substantial and related claims under the trademark laws of the United States.

4.     This Court has personal jurisdiction over THERAPY SOURCE because it resides in and transacts business within this district.

5.     Venue lies within this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c). THERAPY SOURCE is a resident of this district. THERAPY SOURCE has committed acts of service-mark infringement within this judicial district, thereby causing injury to EBS in this judicial district, and a substantial part of the events giving rise to this action and a substantial part of the intellectual property that is the subject of the action is situated in this judicial district.

## COMMON ALLEGATIONS

6.     EBS is a unique company that began as a non-profit organization founded by speech-language pathologists, occupational therapists, physical therapists and special education directors more than 30 years ago. EBS has remained the global leader of birth-to-21-year-old programs and the largest provider of services for the pediatric population. EBS is dedicated to empowering clinicians to become leaders in their fields, while providing the highest-quality services for families and communities around the world.    EBS is actively involved with

associations at local, state, national, and international levels.  As the global leader, EBS recognizes its responsibility to share knowledge, advance the field, and support best practices. EBS believes that exceptional service comes from clinicians who have a passion for helping others, outstanding training, and ongoing support.  EBS' mission is to make a difference every day in every life it touches.

7.      EBS is the owner of the entire right, title, and interest in United States Trademark Registration No. 3,426,937 ["the Registration"] for the mark EBS HEALTHCARE ["the Mark"], for business management in the fields of education and healthcare and for employment hiring, recruiting, placement, staffing, and career networking services in International Class 35, and for training courses in the fields of education and healthcare in International Class 41.  A true and correct copy of the Certificate of Registration is attached as Exhibit A.

8.      EBS has used the Mark since at least April 1, 1994, to advertise its services.

9.      The Mark is legally protectable.

10.     The Registration has become incontestable under the Lanham Act and is conclusive evidence of the validity of the registered Mark, the registration of the Mark, EBS' ownership of the mark, and EBS' exclusive right to use the mark with the registered services.

11.     The Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of EBS' services and its goodwill.

12.     Notwithstanding EBS' well-known and prior rights in the Mark, THERAPY SOURCE, with notice of EBS's rights, and long after EBS established its rights, adopted and used the Mark as a component of domain names, including at least  www.ebshealthcare.org and www.ebshealthcare.net, and uses these domains to redirect Internet visitors to its own website, www.txsource.com.

13.     THERAPY SOURCE's use of the Mark causes likelihood of confusion, deception, and mistake as to the affiliation, connection, or association of THERAPY SOURCE with EBS.

14.     THERAPY SOURCE has no trademark or other intellectual property rights in the Mark.

15.     THERAPY SOURCE purposely registered the infringing domains and purposely set up redirection of the infringing domains.  Its conduct is therefore willful.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

16.     EBS incorporates the allegations in Paragraphs 1 through 15.

17.     THERAPY SOURCE's use of the Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of business management services in the fields of education and healthcare and employment hiring, of recruiting, placement, staffing, and career networking services, and of training courses in the fields of education and healthcare, is likely to cause confusion, or to cause mistake, or to deceive.

18.     THERAPY SOURCE's conduct constitutes trademark infringement under 15 U.S.C. Section 1114.

19.     THERAPY SOURCE's conduct has caused damage to EBS.

20.     THERAPY SOURCE's conduct will cause further irreparable injury to EBS if THERAPY SOURCE is not restrained by this Court from further violation of EBS's rights.

21.     EBS is entitled to damages for trademark infringement, in an amount to be proved at trial.

## COUNT II
## FEDERAL UNFAIR COMPETITION

22.     For Count II, EBS incorporates the allegations of Paragraphs 1 through 21.

23.     THERAPY SOURCE's use of the Mark in commerce is a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact.

24.     THERAPY SOURCE's use of the Mark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of THERAPY SOURCE with EBS, or to the origin, sponsorship, or approval of THERAPY SOURCE's services by EBS.

25.     THERAPY SOURCE's conduct violates 15 U.S.C. § 1125(a).

26.     THERAPY SOURCE's conduct has caused damage to EBS.

27.     THERAPY SOURCE's conduct will cause further irreparable injury to EBS if THERAPY SOURCE is not restrained by this Court from further violation of EBS's rights.

### COUNT III
### COMMON-LAW UNFAIR COMPETITION

28.     For Count III, EBS incorporates the allegations of Paragraphs 1 through 27.

29.     THERAPY SOURCE's use of the Mark in commerce in the State of Pennsylvania is a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact.

30.     THERAPY SOURCE's use of the Mark in commerce in the State of Pennsylvania is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of THERAPY SOURCE with EBS, or to the origin, sponsorship, or approval of THERAPY SOURCE's services by EBS.

31.     THERAPY SOURCE's use of the Mark in commerce in the State of Pennsylvania constitutes "passing off" its services as those of EBS, thus creating confusion between THERAPY SOURCE's services and EBS' services.

32.     THERAPY SOURCE's conduct is fraudulent or deceptive and tends to mislead

205578226.1 53942/198413

the public.

33.     THERAPY SOURCE's conduct constitutes unfair competition under the common law of the State of Pennsylvania.

34.     THERAPY SOURCE's conduct has caused damage to EBS.

35.     THERAPY SOURCE's conduct will cause further irreparable injury to EBS if THERAPY SOURCE is not restrained by this Court from further violation of EBS's rights.

**COUNT IV**
**COMMON-LAW TRADEMARK INFRINGEMENT**

36.     For Count IV, EBS incorporates the allegations of Paragraphs 1 through 35.

37.     The Mark is a source identifier for the business management services in the fields of education and healthcare and employment hiring, of recruiting, placement, staffing, and career networking services, and of training courses in the fields of education and healthcare of EBS.

38.     THERAPY SOURCE's conduct in connection with the sale, offering for sale, distribution, or advertising of its services in commerce in the State of Pennsylvania, on or in connection with such use, is likely to cause confusion, or to cause mistake, or to deceive.

39.     THERAPY SOURCE's conduct therefore constitutes trademark infringement under the law of the State of Pennsylvania.

40.     THERAPY SOURCE's conduct has caused damage to EBS.

41.     THERAPY SOURCE's conduct will cause further irreparable injury to EBS if THERAPY SOURCE is not restrained by this Court from further violation of EBS's rights.

**WHEREFORE**, the plaintiff, EBS HEALTHCARE, INC., prays that this Court enter judgment in its favor and against the defendant, THERAPY SOURCE, INC., as follows:

1)     That THERAPY SOURCE, its agents, servants, employees, and attorneys, and all

those in active concert or participation with him, be preliminarily enjoined and thereafter permanently enjoined and restrained from:

a)   Using the Mark or any confusingly similar designation alone or in connection with other words, as a trademark, service mark, trade name, trade name component, Internet domain name, or otherwise, to market, advertise, or identify goods or services; and

b)   Causing likelihood of confusion or injury to the business reputation of EBS HEALTHCARE, INC.;

2)   That THERAPY SOURCE be directed to file with this Court and to serve on EBS HEALTHCARE, INC., within 30 days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which THERAPY SOURCE complied with the injunction;

3)   That THERAPY SOURCE be directed to deliver or destroy all devices, literature, advertising, or other materials bearing the designation EBS HEALTHCARE;

4)   That THERAPY SOURCE cease using the Mark as an address or designation on the Internet or as a component of an address or designation on the Internet;

5)   That THERAPY SOURCE assign all rights in the domain names www.ebshealthcare.net and www.ebshealthcare.org to EBS HEALTHCARE, INC.;

6)   That EBS HEALTHCARE, INC. be awarded damages consisting of all profits made by THERAPY SOURCE as a result of using the Mark;

7)   That EBS HEALTHCARE, INC. be awarded enhanced damages of three times its actual damages and a reasonable attorney's fee under 15 U.S.C. Section 1117;

8)   That EBS HEALTHCARE, INC. be awarded exemplary damages under Pennsylvania state law;

9)   That EBS HEALTHCARE, INC. recover its costs of this suit;

10)  That EBS HEALTHCARE, INC. recover its attorneys' fees, this case being exceptional; and

11)  That EBS HEALTHCARE, INC. have such other and further relief to which it may be entitled.

## JURY DEMAND

EBS HEALTHCARE, INC., requests trial by jury.

Respectfully submitted,
**CLARK HILL PLC**

/s/ Daniel J. McGravey
Daniel J. McGravey, Esquire
Pa. Id. No. 83176
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103
 (tel) 215.640.8544
(fax) 215.640.8501
DMcgravey@ClarkHill.com

Timothy M. McCarthy, Esquire
130 E. Randolph St., 39th Fl.
Chicago, Illinois 60601
(tel) 312-985-5561
(fax) 312 985-5961
TMccarthy@ClarkHill.com

Dated: April 𝒟, 2017

EXHIBIT A

Int. Cls.: 35 and 41

Prior U.S. Cls.: 100, 101, 102 and 107

## United States Patent and Trademark Office

**Reg. No. 3,426,937**
Registered May 13, 2008

### SERVICE MARK
### PRINCIPAL REGISTER

# EBS HEALTHCARE

EBS HEALTHCARE, INC. (PENNSYLVANIA CORPORATION)
P.O. BOX 911
CONCORDVILLE, PA 19331

FOR: BUSINESS MANAGEMENT IN THE FIELDS OF EDUCATION AND HEALTHCARE; EMPLOYMENT HIRING, RECRUITING, PLACEMENT, STAFFING, AND CAREER NETWORKING SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-1-1994; IN COMMERCE 4-1-1994.

FOR: TRAINING COURSES IN THE FIELDS OF EDUCATION AND HEALTHCARE, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 4-1-1994; IN COMMERCE 4-1-1994.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTHCARE", APART FROM THE MARK AS SHOWN.

SER. NO. 78-927,932, FILED 7-12-2006.

GRETTA YAO, EXAMINING ATTORNEY